# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**GLEN KELLER,**

    **Plaintiff,**

**v.**                                                      **CASE NO.:**

**DISCOUNT AUTO PARTS, LLC,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GLEN KELLER ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, DISCOUNT AUTO PARTS LLC ("Defendant"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay a minimum wage and failure to pay overtime, and unpaid wages under Florida common law.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4. Defendant operates an automotive parts retail store in Tampa, in Hillsborough County.

5. Defendant is a foreign corporation.

6. Plaintiff worked for Defendant as an associate at Defendant's Tampa, FL, location.

## GENERAL ALLEGATIONS

7. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Section 6 and 7 of the FLSA, and was thus subject to the individual coverage of the FLSA.

8. As part of his regular job duties for Defendant, Plaintiff routinely and regularly used and/or handled items moving in the stream of commerce. For example, Plaintiff handled automotive parts.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

10. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA.

11. Defendant continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "providing services for commerce" within the meaning of the FLSA.

13. At all times material hereto, the annual gross sales volume of Defendant exceeded $500,000 per year Thus, Defendant was an enterprise covered by the FLSA under 29 U.S.C. §§ 203(r) and 203(s).

14. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

15. Plaintiff has satisfied all conditions precedent, or they have been waived.

16. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

17. Plaintiff requests a jury trial for all issues so triable.

## FACTS

18. Plaintiff worked for Defendant from 2012 to August 1, 2023, as an associate.

19. At all times material hereto, Plaintiff worked hours at the direction of Defendant, and he was not paid a minimum wage for all of the hours that he worked.

20. By failing to pay Plaintiff for all the hours he worked, Defendant failed to pay Plaintiff a minimum wage.

21. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and he was entitled to be compensated for all of his overtime hours at a rate equal to one and one-half times his regular hourly rate.

3

22. Defendant failed to pay Plaintiff an overtime premium for all of the hours that Plaintiff worked.

23. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

24. In exchange for Plaintiff's services, Defendant agreed to pay Plaintiff a wage.

25. Defendant failed to pay Plaintiff all wages owed to Plaintiff.

26. Plaintiff's unpaid wages constitute "wages" under Florida common law, as well as under Fla. Stat. § 448.08.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

27. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

28. During the statutory period, Plaintiff worked for Defendant, and he was not paid the applicable minimum wage for the hours that he worked, as mandated by the FLSA.

29. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

30. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

    a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c) An amount equal to Plaintiff's minimum wage damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## **COUNT II – FLSA OVERTIME VIOLATION**

31. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

32. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

33. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

34. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c) An amount equal to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaration that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

**COUNT III – UNPAID WAGES UNDER FLORIDA COMMON LAW**

35. Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

36. During the statutory period, Plaintiff worked for Defendant, and Defendant agreed to pay Plaintiff for Plaintiff's services.

37. Defendant failed to pay Plaintiff all "wages" owed to Plaintiff, including Plaintiff's commissions.

38. As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue, and that this Court take jurisdiction over the case;

c) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08;

e) For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 31st day of May, 2024.

Respectfully submitted,

_____
**LUIS A. CABASSA**
Florida Bar No.: 0053643
Direct Dial: (813) 379-2565
**SAWYER N. FRESCOLN**
Florida Bar No. 1034987
Direct Dial: (813) 337-7993
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: sfrescoln@wfclaw.com
Email: gdesane@wfclaw.com
**Attorneys for Plaintiff**