UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLEN KELLER,

        Plaintiffs,

v.                                                            Case No. 8:24-cv-1340-TPA-AEP

DISCOUNT AUTO PARTS, LLC,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This cause comes before the Court upon the parties' Renewed Joint Motion to Approve Settlement. (Doc. 22). By the Motion, the parties request that this Court approve the parties' proposed settlement of the Fair Labor Standards Act ("FLSA") claims in this case and dismiss the case with prejudice. A claim brought pursuant to the FLSA can be resolved in two ways. *See* 29 U.S.C. § 216; *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *Lynn's Food*, 679 F.2d at 1353. Second, an employee may settle and waive claims under the FLSA if the parties to a private action present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. *Id.* To approve the settlement, the district court must determine whether the settlement agreement constitutes a fair and reasonable resolution of a bona fide dispute regarding FLSA provisions. *Id.* at 1355.

In suits brought by employees under the FLSA for back wages, settlements may be permissible "because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In such adversarial cases, the Eleventh Circuit has determined that:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* (footnote omitted). Here, Plaintiff Glen Keller initiated this action asserting claims against Defendant Discount Auto Parts LLC under both the FLSA and Florida Common Law for unpaid wages. (Doc. 1). In his Complaint, Plaintiff alleges he "worked for Defendant from 2012 to August 1, 2023, as an associate" during which time Plaintiff failed to pay him a minimum wage and compensate him an overtime premium. (Doc. 1, ¶ ¶ 18, 20, 22).

Defendant disputes liability for Plaintiff's claims. (Doc. 22, at 5). In an effort to resolve the litigation, however, Defendant has agreed to a settlement, and the parties subsequently submitted the proposed Settlement Agreement for review. (Doc. 22-1). The parties included in the Settlement Agreement a general release. (Doc. 22-1, ¶ 6). General releases in FLSA cases require additional judicial scrutiny to ensure that the release is not a pervasive release "in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money

2

unconditionally owed to the employee." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010). However, if a plaintiff is given compensation in addition to that to which he or she is entitled under the FLSA, then general releases can be permissible. *Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14-cv-00079-orl-37TBS, 2014 WL 4385593, at *1, 4 (M.D. Fla. Sept. 4, 2014). Here, the Settlement Agreement contains separate consideration in the amount of $4,500 for Plaintiff's general release, and the parties have provided an explanation regarding how the general release affects the fairness of the Settlement Agreement. Thus, this Court finds the general release fair and reasonable.

The Agreement provides that Defendant will pay a total gross sum of $11,000 in three separate allocations: 1) $550 to Plaintiff "as compensation for alleged lost and unpaid wages;" 2) $4,500 to Plaintiff "as compensation over and above the wage settlement as consideration for this general release, and for all alleged emotional injuries and related compensatory damages and other related costs;" and 3) $5,500 to Wenzel Fenton Cabassa, P.A. "as compensation for alleged attorneys' fees and costs." (Doc. 22-1, ¶ 3). The parties state that the attorneys' fees were "negotiated separately from the amounts claimed by Plaintiff for their underlying claims." (Doc. 22, at 6).

In determining whether the settlement is fair and reasonable, a court should consider the following factors:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;

3

(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of the counsel.

*Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 605-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, No. 6:05CV-592ORL-22JGG, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).

Upon review of the proposed settlement agreement, the undersigned finds that the settlement agreement is a fair and reasonable resolution of the parties' dispute regarding Plaintiff's claims, except for the parties' proposed confidentiality provision (Doc. 22-1, ¶ 8). *See Lynn's Food*, 679 F.2d at 1353–55. Courts within this circuit routinely reject such confidentiality clauses contained in FLSA settlement agreements because they thwart Congress's intent to ensure widespread compliance with the FLSA. *Herrera v. FS Invs. of Am., Inc.*, No. 8:20-CV-2465-CEH-JSS, 2021 WL 1602120, at *2 (M.D. Fla. Apr. 8, 2021), *report and recommendation adopted*, No. 8:20-CV-2465-CEH-JSS, 2021 WL 1598058 (M.D. Fla. Apr. 23, 2021) (internal quotations and citations omitted). Further, these provisions have been rejected because they are inherently unenforceable due to the public filing of the settlement agreements containing the confidentiality clauses. *See Housen v. Econosweep & Maintenance Services, Inc.*, No. 3:12-cv-461-J-34TEM, 2013 WL 2455958, at *2 (M.D. Fla. Jun. 6, 2013) (confidentiality clauses are unenforceable when the settlement agreement is filed on the public docket and citing authority). Here, the parties in their Motion offer no reasoning to show why the confidentiality provision

4

is reasonable and to dissuade this Court from following the prior decisions in this district. Thus, the undersigned determines that the parties' confidentiality provision is unenforceable and is due to be stricken from the agreement.[1]

However, while the confidentiality provision is unenforceable, it does not preclude approval of the Settlement Agreement. The Settlement Agreement contains a severability provision (Doc. 22-1, ¶ 16) under which the agreement may be enforced notwithstanding a court's determination that the provision is void. *See Viera v. FTS USA, LLC*, No. 6:14-cv-734-ORL-41GJK, 2018 WL 1139058, at *2 (M.D. Fla. Mar. 2, 2018) (striking confidentiality provision but approving settlement agreement).

Accordingly, after consideration, it is hereby

RECOMMENDED:

1. The parties' Joint Motion for Settlement Approval (Doc. 22) be GRANTED IN PART and DENIED IN PART to the extent that the confidentiality provision of the Settlement Agreement be STRICKEN.

2. The Settlement Agreement (Doc. 22-1) be accepted, adopted, and approved by the Court, and the parties be ordered to comply with the terms of the Settlement Agreement, with the exception of the confidentiality provision.

3. This action be DISMISSED WITH PREJUDICE.

---

[1] If the parties wish to expedite the settlement approval, they may submit an amended settlement agreement, removing the confidentiality provision in accordance with this Report and Recommendation, for the district court's consideration.

       4.       The Clerk be directed to terminate all pending deadlines and to close the case.

IT IS SO REPORTED in Tampa, Florida, on this 15th day of August 2024.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc:    Counsel of Record

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc: Hon. Thomas P. Barber
      Counsel of Record